UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

In re:                                              :         CASE NO.: 19-17122-LMI
                                                    :
BENJAMIN ATKIN,                                     :         CHAPTER 7
                                                    :
        Debtor.                                     :
_____/

### NOTICE OF ISSUING SUBPOENA DUCES TECUM (RECORD REQUESTS ONLY) FOR

PLEASE TAKE NOTICE that Robert A. Angueira, as Chapter 7 Trustee for the above-captioned case (the "*Trustee*"), by and through undersigned counsel, hereby files this Notice of Issuing Subpoena Duces Tecum (Records Requests Only) for the individuals listed below. True and correct copies of the respective Subpoenas are attached hereto as **Composite Exhibit A**.

| Deponent | Date and Time | Location |
|---|---|---|
| Eliezer Scheiner<br>400 Rella Blvd. Suite 200<br>Montebello, NY 10901 | November 5, 2019<br>At 5:00 P.M. | Robert A. Angueira, P.A.<br>16 SW 1st Ave<br>Miami, FL 33130<br>**(Records Request Only)** |
| Ted Lichtenschein<br>400 Rella Blvd. Suite 200<br>Montebello, NY 10901 | November 5, 2019<br>At 5:00 P.M. | Robert A. Angueira, P.A.<br>16 SW 1st Ave<br>Miami, FL 33130<br>**(Records Request Only)** |

ROBERT A. ANGUEIRA, P.A.
16 S.W. 1st Avenue
Miami, Florida 33130
Tel. (305) 263-3328
e-mail yanay@rabankruptcy.com

By   /s/ *Yanay Galban*
      YANAY GALBAN, ESQ
      Florida Bar No. 0105146

Case No.: 19-17122-LMI

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing was served via the Notice of Electronic Filing on this 21st day of October, 2019, to:

- Robert A Angueira    trustee@rabankruptcy.com, fl79@ecfcbis.com;raa@trustesolutions.net;tassistant@rabankruptcy.com;richard@rabankruptcy.com;lillian@rabankruptcy.com

- Yanay Galban    yanay@rabankruptcy.com, robert@rabankruptcy.com

- Daniel Gielchinsky    dan@dyglaw.com

- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov

- Ariel Rodriguez    ariel.rodriguez@usdoj.gov

- Allison D Thompson    athompson@solomonlaw.com, mkunkel@solomonlaw.com

ROBERT A. ANGUEIRA, P.A.
16 S.W. 1st Avenue
Miami, Florida 33130
Tel. (305) 263-3328
e-mail yanay@rabankruptcy.com

By    /s/ *Yanay Galban*
    YANAY GALBAN, ESQ
    Florida Bar No. 0105146

Case No.: 19-17122-LMI

# **COMPOSITE EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

| In re: | : | CASE NO.: 19-17122-LMI |
|---|---|---|
| BENJAMIN ATKIN; | : | CHAPTER 7 |
| Debtors. | : | **SUBPOENA DUCES TECUM FOR DOCUMENTS** (Records Request Only) |
| _____/ | | |

**TO:   TED LICHTENSCHEIN**
**400 RELLA BLVD. SUITE 200**
**MONTEBELLO, NY 10901**

[  ]   YOU ARE COMMANDED to appear and testify at an examination under Bankruptcy Rule 2001, and Local Rule 2004-1, at the place, date and time specified below.

| PLACE: | DATE & TIME: |
|---|---|

[ X ]   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects:
**ALL DOCUMENTS REQUESTED IN THE ATTACHED "EXHIBIT A"**

| PLACE:<br>**Robert A. Angueira, P.A.**<br>**16 SW 1st Avenue**<br>**Miami, FL 33130**<br>**Tel. (305) 263-3328** | DATE & TIME:<br>**November 5, 2019**<br>**5:00 P.M.** |
|---|---|
| ISSUING OFFICER SIGNATURE<br>/s/ Yanay Galban, Esq. | TITLE<br>Counsel for the Chapter 7 Trustee |
| ISSUING OFFICER NAME<br>Yanay Galban, Esq., FBN 105146 | PHONE<br>(305) 263-3328 |
| ADDRESS<br>16 SW 1st Ave., Miami, FL 33130 | DATE<br>OCTOBER 21, 2019 |

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|
| | 10/21/2019 | 400 Rella Blvd, Ste. 200<br>Montebello, New York 10901 |

| SERVED BY | TITLE |
|---|---|
| Yanay Galban, Esq. | Counsel for the Chapter 7 Trustee |

DECLARATION OF SERVER:

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on:
October 21, 2019

/s/ Yanay Galban, Esq.   FBN 105146
Robert A. Angueira, P.A.
16 SW 1st Avenue
Miami, FL 33130

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g)
## (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**Access to Subpoena Materials**
Fed. R. Civ. P. 45(a) Committee Note (2013)

- Parties desiring access to information produced in response to this subpoena will need to follow up with the party serving the subpoena to obtain such access.
- The party serving the subpoena should make reasonable provisions for prompt access.
- The court for the district where compliance with the subpoena is required has authority to order notice of receipt of produced materials or access to them.

# EXHIBIT "A"

1. <u>Instructions</u>

    a. This document request is continuing in nature and when new knowledge or information comes to the attention of the deponent the information supplied in the answers to the document request shall be supplemented forthwith.

    b. For each and every Request herein, you shall produce documents in your possession, custody, or control, which shall include but be limited to, documents, objects or articles described that are in your possession or that you have the right to secure the original or a copy from another person or entity. The fact that your investigation is continuing or discovery is incomplete is not an excuse for your failure to respond to each request as fully and completely as possible. Your responses should consist of information known to you through yourself, your agents, your attorneys, your employees, or your representatives. All documents produced pursuant to this request are to be produced as they are kept in the usual course of business, and shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof. If copies or drafts exist of a document, the production of which has been requested herein, produce and submit for inspection and copying each and every copy and draft which differs in any way from the original document or from any copy or draft.

    c. If you at any time you had possession, custody, or control of any document requested herein, and such document has been lost, destroyed, discarded, or is not presently in your possession, these documents shall be identified as completely as possible, including:

        i. The names of the authors of the document;
        ii. The names of the persons to whom the documents or copies were sent;
        iii. The date of the document;
        iv. The date on which the document was received by each addresses, copyee or its recipients;
        v. A description of the nature and subject matter of the document that is as complete as possible;
        vi. The date on which the document was lost, discarded or destroyed; and
        vii. The manner in which the document was lost, discarded or destroyed.

    d. With respect to any document that deponent withholds under claim of privilege, the deponent shall number such documents, hold them separately, and retain them intact pending a ruling by the Court on the claimed privilege. In addition, the deponent shall provide a statement, signed by an attorney representing the deponent, setting forth as to each such document:

        i. The names of the senders of the document;
        ii. The names of the authors of the document;

      iii. The names of the persons to whom the document or copies were sent;
      iv. The job title of every person named in subparagraphs 1, 2 and 3 above;
      v. The date of the document;
      vi. The date on which the document was received by each addressee, copyee or its recipient;
      vii. A brief description of the nature and subject matter of the document; and
      viii. The statute, rule of decision which is claimed to give rise to the privilege.

e. If you cannot, after exercising due diligence to secure or produce the document(s) requested, you must identify which Request(s) that you do not have any responsive documents for, and answer the request for production to the fullest extent possible, specifying your inability to produce the document(s), providing the identity of the person who has possession, custody, or control of the requested document(s).

f. All words, names or terms herein shall have their plain and ordinary meanings unless specifically defined herein below in Part II of this Request.

g. Copies of documents which are identical duplicates of other documents which have already been produced for inspection and copying in this action need not be produced again, except that the duplicates must be produced if handwritten or any other type of notes or similar intelligence appear thereon or are attached thereto, including markings on slips indicating the routing of the document to individuals or organizations.

h. The singular and plural forms shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise be construed as outside their scope.

i. "And" and "or" shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise might be construed as outside their scope.

j. "Any" and "all" shall be construed to bring within the scope of this request any information which might be construed to relate to the subject matter of the request.

k. The use of the singular form of any word includes the plural and vice versa.

2. Definitions

For purposes of responding to the *Duces Tecum* request for deposition, the following definitions shall apply:

a. "Deponent", "examinee", "you", and "your" shall mean the party upon whom this subpoena is served and all of his/her authorized employees, agents, or others purporting to act on his/her behalf.

b. "Documents" and/or "records" shall mean, without limiting the generality of this meaning, any writings, papers or tangible things in the possession, custody or control of the Deponent, including, letters, e-mails, computer files, handwritten notes, calendar pads, appointment books, note pads, notebooks, correspondence of any kind, postcards, memoranda, telegrams, telexes, annual or other reports, financial statements, books, records, ledgers, journals, minutes of all meetings, contracts, agreements, drafts of contracts or agreements, appraisals, analyses, charts, graphs, data sheets, data tapes, computer disks, computer hard drives or readable computer produced interpretations thereof, stenographic notes, tape and disk recordings, tapes, photostats, recordings, photographs, drawings, illustrations, plans and personal interviews, wherever located, whether located original or duplicate, and all compilations of the foregoing including binders, notebooks, folders and files. All categories of documents described above shall include with respect thereto all communications, whether or not expressly stated. If a document has been prepared in several copies, or additional copies have been made and the copies are not identical (or by reason of subsequent modifications of the copy by addition or notations, or other modifications, are no longer identical), each non-identical copy shall be deemed to be a separate document for purposes of these discovery request.

c. "Possession, custody, or control" as used herein shall have the same meaning as in Rule 34(a) of the Federal Rules of Civil Procedure.

d. Petition Date means May 30, 2019.

e. "Communications" means any electronic, oral, magnetic, or written transmittal or transfer of data, facts, ideas, information, inquiries, or thought.

f. "Correspondence" means any letter, note, memorandum, report, notice, facsimile transmission, e-mail transmission, and any documents (as defined in paragraph 1 above) that were sent or received from one or more persons to one or more persons, regardless of authorship or origin, including that which was directed as a copy, blind copy, forwarded copy, or sent or received mistakenly.

g. The terms "person", "individual", "entity", and "entities" are used interchangeably and shall be deemed to include the plural and vice versa. Each of these terms shall mean, but are not limited to: (i) any association, or business, legal, or governmental entity, including all corporations, partnerships, associations, joint ventures, trust, firms, or other business enterprise or legal entity, unless otherwise stated; or (ii) surety ship; institution; or government or government agency or political subdivision be it foreign or domestic; or (iii) board, committee, group, or organization comprised of any of the foregoing or combination thereof; whether they be now or previously existing.

h. "Support", "evidence", "relate to", "relating to", "related to", "referred to", "concerning", "pertaining to" and "regarding" shall mean anything which directly, or indirectly, concerns, consists of, pertains to, reflects, evidences, describes, sets forth, constitutes, contains, shows, underlies, supports, refers to in any manner, is or was used in the preparation of, appended to, legally, logically or factually connected with, proves, disproves, or tends to prove or disprove.

i. The words "concerning," "concerns," or any other derivative thereof, as used herein includes referring to, responding to, relating to, pertaining to, connected with, comprising, memorializing, commenting on, regarding, discussing, showing, describing, reflecting, analyzing and constituting.

j. The term "**Debtor**" shall mean **Benjamin Atkin SSN XXX-XX-5796**

k. The term "Person" shall mean any natural person, individual, entity, proprietorship, partnership, corporation, association, organization, joint venture, business trust, or other business enterprise, governmental body or agency, legal or business entity, or group of natural persons, or other entity, whether sui juris or otherwise, and includes both the singular and plural.

3. Documents Requested

   I. Provide a copy of the Federal Income Tax Returns for Smart Meter, LLC Smart Meter, Corp. or Smart Meter Holdings, LLC for tax year 2015 through 2018.

   II. Provide a copy of any and all documents evidencing loans, capital contributions or any money transferred by the Debtor to Smart Meter, LLC, Smart Meter, Corp. or Smart Meter Holdings, LLC.

   III. Provide a copy of any and all documents evidencing any intellectual property transferred by the Debtor to Smart Meter, LLC, Smart Meter, Corp. or Smart Meter Holdings, LLC.

   IV. Provide a copy of any and all documents evidencing money owed to the Debtor by Smart Meter, LLC, Smart Meter, Corp. or Smart Meter Holdings, LLC.

   V. Provide a detailed list of any and all payments, whether salary or otherwise, made to the Debtor, or on behalf of the Debtor, by the entities as detailed in Item I above within Four (4) years prior to Petition Date.

   VI. Provide a copy of any documentation that would support and/or establish the value for the entities as detailed in Item I above.

VII. Provide a detailed list of all real property, equipment, machinery, intellectual property, or inventory held by the entities listed in Item I above.

VIII. Provide a copy of stocks certificates, membership shares, and/or all document evidencing, when the Debtor transferred his interest in the entities listed in Item I above to You.

IX. Provide a copy of all documents a copy of all documents evidencing when the Debtor's signatory powers for all of the companies' bank accounts were terminated.

X. Provide a copy of minutes, or notes for minutes, or corporate resolutions, for the entities listed in Item I above, relating to the transfer of the Debtor's ownership interest in Smart Meter, Corp. or Smart Meter Holdings, LLC to You.

XI. Provide a copy of any documents evidencing the Debtor's ownership interest in the entities listed in Item I above to you or any entity controlled or owned by you.

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

| In re: | : | CASE NO.: 19-17122-LMI |
|---|---|---|
| BENJAMIN ATKIN; | : | CHAPTER 7 |
| Debtors. _____/ | : : | **SUBPOENA DUCES TECUM FOR DOCUMENTS** (Records Request Only) |

**TO:   ELIEZER SCHEINER**
**400 RELLA BLVD. SUITE 200**
**MONTEBELLO, NY 10901**

[ ]   YOU ARE COMMANDED to appear and testify at an examination under Bankruptcy Rule 2001, and Local Rule 2004-1, at the place, date and time specified below.

| PLACE: | DATE & TIME: |
|---|---|

[ X ]   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects:
**ALL DOCUMENTS REQUESTED IN THE ATTACHED "EXHIBIT A"**

| PLACE: **Robert A. Angueira, P.A.** **16 SW 1st Avenue** **Miami, FL 33130** **Tel. (305) 263-3328** | DATE & TIME: **November 5, 2019** **5:00 P.M.** |
|---|---|
| ISSUING OFFICER SIGNATURE /s/ Yanay Galban, Esq. | TITLE Counsel for the Chapter 7 Trustee |
| ISSUING OFFICER NAME Yanay Galban, Esq., FBN 105146 | PHONE (305) 263-3328 |
| ADDRESS 16 SW 1st Ave., Miami, FL 33130 | DATE OCTOBER 21, 2019 |

| PROOF OF SERVICE | | |
|---|---|---|
| SERVED | DATE<br>10/21/2019 | PLACE<br>400 Rella Blvd, Ste. 200<br>Montebello, New York 10901 |
| SERVED BY<br>Yanay Galban, Esq. | | TITLE<br>Counsel for the Chapter 7 Trustee |

DECLARATION OF SERVER:

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on: October 21, 2019        /s/ Yanay Galban, Esq.    FBN 105146
                                      Robert A. Angueira, P.A.
                                      16 SW 1st Avenue
                                      Miami, FL 33130

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g)
## (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

**Access to Subpoena Materials**
Fed. R. Civ. P. 45(a) Committee Note (2013)

- Parties desiring access to information produced in response to this subpoena will need to follow up with the party serving the subpoena to obtain such access.
- The party serving the subpoena should make reasonable provisions for prompt access.
- The court for the district where compliance with the subpoena is required has authority to order notice of receipt of produced materials or access to them.

# EXHIBIT "A"

1. Instructions

   I. This document request is continuing in nature and when new knowledge or information comes to the attention of the deponent the information supplied in the answers to the document request shall be supplemented forthwith.

   II. For each and every Request herein, you shall produce documents in your possession, custody, or control, which shall include but be limited to, documents, objects or articles described that are in your possession or that you have the right to secure the original or a copy from another person or entity. The fact that your investigation is continuing or discovery is incomplete is not an excuse for your failure to respond to each request as fully and completely as possible. Your responses should consist of information known to you through yourself, your agents, your attorneys, your employees, or your representatives. All documents produced pursuant to this request are to be produced as they are kept in the usual course of business, and shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof. If copies or drafts exist of a document, the production of which has been requested herein, produce and submit for inspection and copying each and every copy and draft which differs in any way from the original document or from any copy or draft.

   III. If you at any time you had possession, custody, or control of any document requested herein, and such document has been lost, destroyed, discarded, or is not presently in your possession, these documents shall be identified as completely as possible, including:

      i. The names of the authors of the document;
      ii. The names of the persons to whom the documents or copies were sent;
      iii. The date of the document;
      iv. The date on which the document was received by each addresses, copyee or its recipients;
      v. A description of the nature and subject matter of the document that is as complete as possible;
      vi. The date on which the document was lost, discarded or destroyed; and
      vii. The manner in which the document was lost, discarded or destroyed.

   IV. With respect to any document that deponent withholds under claim of privilege, the deponent shall number such documents, hold them separately, and retain them intact pending a ruling by the Court on the claimed privilege. In addition, the deponent shall provide a statement, signed by an attorney representing the deponent, setting forth as to each such document:

      i. The names of the senders of the document;
      ii. The names of the authors of the document;

      iii. The names of the persons to whom the document or copies were sent;
      iv. The job title of every person named in subparagraphs 1, 2 and 3 above;
      v. The date of the document;
      vi. The date on which the document was received by each addressee, copyee or its recipient;
      vii. A brief description of the nature and subject matter of the document; and
      viii. The statute, rule of decision which is claimed to give rise to the privilege.

V. If you cannot, after exercising due diligence to secure or produce the document(s) requested, you must identify which Request(s) that you do not have any responsive documents for, and answer the request for production to the fullest extent possible, specifying your inability to produce the document(s), providing the identity of the person who has possession, custody, or control of the requested document(s).

VI. All words, names or terms herein shall have their plain and ordinary meanings unless specifically defined herein below in Part II of this Request.

VII. Copies of documents which are identical duplicates of other documents which have already been produced for inspection and copying in this action need not be produced again, except that the duplicates must be produced if handwritten or any other type of notes or similar intelligence appear thereon or are attached thereto, including markings on slips indicating the routing of the document to individuals or organizations.

VIII. The singular and plural forms shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise be construed as outside their scope.

IX. "And" and "or" shall be construed interchangeably so as to bring within the scope of this document request any information which might otherwise might be construed as outside their scope.

X. "Any" and "all" shall be construed to bring within the scope of this request any information which might be construed to relate to the subject matter of the request.

XI. The use of the singular form of any word includes the plural and vice versa.

2. <u>Definitions</u>

For purposes of responding to the *Duces Tecum* request for deposition, the following definitions shall apply:

I. "Deponent", "examinee", "you", and "your" shall mean the party upon whom this subpoena is served and all of his/her authorized employees, agents, or others purporting to act on his/her behalf.

II. "Documents" and/or "records" shall mean, without limiting the generality of this meaning, any writings, papers or tangible things in the possession, custody or control of the Deponent, including, letters, e-mails, computer files, handwritten notes, calendar pads, appointment books, note pads, notebooks, correspondence of any kind, postcards, memoranda, telegrams, telexes, annual or other reports, financial statements, books, records, ledgers, journals, minutes of all meetings, contracts, agreements, drafts of contracts or agreements, appraisals, analyses, charts, graphs, data sheets, data tapes, computer disks, computer hard drives or readable computer produced interpretations thereof, stenographic notes, tape and disk recordings, tapes, photostats, recordings, photographs, drawings, illustrations, plans and personal interviews, wherever located, whether located original or duplicate, and all compilations of the foregoing including binders, notebooks, folders and files. All categories of documents described above shall include with respect thereto all communications, whether or not expressly stated. If a document has been prepared in several copies, or additional copies have been made and the copies are not identical (or by reason of subsequent modifications of the copy by addition or notations, or other modifications, are no longer identical), each non-identical copy shall be deemed to be a separate document for purposes of these discovery request.

III. "Possession, custody, or control" as used herein shall have the same meaning as in Rule 34(a) of the Federal Rules of Civil Procedure.

IV. Petition Date means May 30, 2019.

V. "Communications" means any electronic, oral, magnetic, or written transmittal or transfer of data, facts, ideas, information, inquiries, or thought.

VI. "Correspondence" means any letter, note, memorandum, report, notice, facsimile transmission, e-mail transmission, and any documents (as defined in paragraph 1 above) that were sent or received from one or more persons to one or more persons, regardless of authorship or origin, including that which was directed as a copy, blind copy, forwarded copy, or sent or received mistakenly.

VII. The terms "person", "individual", "entity", and "entities" are used interchangeably and shall be deemed to include the plural and vice versa. Each of these terms shall mean, but are not limited to: (i) any association, or business, legal, or governmental entity, including all corporations, partnerships, associations, joint ventures, trust, firms, or other business enterprise or legal entity, unless otherwise stated; or (ii) surety ship; institution; or government or government agency or political subdivision be it foreign or domestic; or (iii) board, committee, group, or organization comprised of any of the foregoing or combination thereof; whether they be now or previously existing.

VIII. "Support", "evidence", "relate to", "relating to", "related to", "referred to", "concerning", "pertaining to" and "regarding" shall mean anything which directly, or indirectly, concerns, consists of, pertains to , reflects, evidences, describes, sets forth, constitutes, contains, shows, underlies, supports, refers to in any manner, is or was used in the preparation of, appended to, legally, logically or factually connected with, proves, disproves, or tends to prove or disprove.

IX. The words "concerning," "concerns," or any other derivative thereof, as used herein includes referring to, responding to, relating to, pertaining to, connected with, comprising, memorializing, commenting on, regarding, discussing, showing, describing, reflecting, analyzing and constituting.

X. The term "**Debtor**" shall mean **Benjamin Atkin SSN XXX-XX-5796**

XI. The term "Person" shall mean any natural person, individual, entity, proprietorship, partnership, corporation, association, organization, joint venture, business trust, or other business enterprise, governmental body or agency, legal or business entity, or group of natural persons, or other entity, whether sui juris or otherwise, and includes both the singular and plural.

3. Documents Requested

I. Provide a copy of the Federal Income Tax Returns for Smart Meter, LLC Smart Meter, Corp. or Smart Meter Holdings, LLC for tax year 2015 through 2018.

II. Provide a copy of any and all documents evidencing loans, capital contributions or any money transferred by the Debtor to Smart Meter, LLC, Smart Meter, Corp. or Smart Meter Holdings, LLC.

III. Provide a copy of any and all documents evidencing any intellectual property transferred by the Debtor to Smart Meter, LLC, Smart Meter, Corp. or Smart Meter Holdings, LLC.

IV. Provide a copy of any and all documents evidencing money owed to the Debtor by Smart Meter, LLC, Smart Meter, Corp. or Smart Meter Holdings, LLC.

V. Provide a detailed list of any and all payments, whether salary or otherwise, made to the Debtor, or on behalf of the Debtor, by the entities as detailed in Item I above within Four (4) years prior to Petition Date.

VI. Provide a copy of any documentation that would support and/or establish the value for the entities as detailed in Item I above.

VII.     Provide a detailed list of all real property, equipment, machinery, intellectual property, or inventory held by the entities listed in Item I above.

VIII.     Provide a copy of stocks certificates, membership shares, and/or all document evidencing, when the Debtor transferred his interest in the entities listed in Item I above to You.

IX.     Provide a copy of all documents a copy of all documents evidencing when the Debtor's signatory powers for all of the companies' bank accounts were terminated.

X.     Provide a copy of minutes, or notes for minutes, or corporate resolutions, for the entities listed in Item I above, relating to the transfer of the Debtor's ownership interest in Smart Meter, Corp. or Smart Meter Holdings, LLC to You.

XI.     Provide a copy of any documents evidencing the Debtor's ownership interest in the entities listed in Item I above to you or any entity controlled or owned by you.