UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

In re:                              :        CASE NO.: 19-17122-LMI
                                    :
BENJAMIN ATKIN,                     :        CHAPTER 7
                                    :
        Debtor.                     :
_____/

## MOTION TO APPROVE STIPULATION TO COMPROMISE CONTROVERSY

*Any interested party who fails to file and serve a written response to this motion within 21 days after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this motion. Any scheduled hearing may then be canceled.*

COMES NOW, Robert A. Angueira, Chapter 7 Trustee (hereinafter the "*Trustee*"), and files this Motion to Approve Stipulation to Compromise Controversy with Benjamin Atkin (the "*Debtor*") in the above-styled case, and states as follows:

1.      The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on May 30, 2019 (the "*Petition Date*").

2.      Robert A. Angueira is the duly appointed Chapter 7 Trustee.

3.      The §341 Meeting of Creditors was held and concluded on May 30, 2019 (the "*§341 Meeting of Creditors*").

4.      A Rule 2004 Examination of the Debtor was held on September 17, 2019 (the "*Rule 2004 Examination*").

5.      At the Rule 2004 Examination, the Trustee discovered that the Debtor may have not fully explained certain pre-petition transfers made by the Debtor and by business entities owned and/or controlled by the Debtor (the "Transfers") and uses of assets, and the Trustee asserted the Estate's interest in these transferred funds (the "*Transferred Funds*").

6.    The Transferred Funds and any other assets in which the Estate may arguably have an interest shall be referred to as the "***Property***."

7.    Based on the testimony during the §341 Meeting of Creditors, the testimony during the Rule 2004 Examination, a review of the documents provided to the Trustee and other relevant information, the Trustee asserts that the estate may have causes of action against third parties relating to the Transferred Funds.

8.    The Debtor denies and/or disputes the allegations asserted above and otherwise raised by the Trustee.

<u>**The Proposed Settlement**</u>

9.    In light of among other things, the expense and uncertainty of litigation and in order to provide for the expeditious administration of this estate, the parties desire to settle all the matters in this case and have all signed the Stipulation to Compromise Controversy that is enclosed as Exhibit "1" (the "***Settlement***" or the "***Stipulation***").

10.   The Debtor will pay the Trustee the total sum of $18,000.00 (the "***Settlement Amount***") to be paid in 18 equal monthly payments of $1,000.00 to be made on the 5th day of each month starting on February 5, 2020 and ending on July 5, 2021. In the event that the 5th day of the month falls on a weekend, bank holiday or Jewish holiday, the deadline shall be extended to the next business day that is not a bank holiday or a Jewish holiday. The Debtor is permitted to prepay the Settlement Amount.

11.   The payments will be by cashier's check or money orders made payable to the order of Robert A. Angueira, Trustee and mailed to the Trustee's office at: 16 SW 1st Avenue, Miami, FL 33130.  Each cashier's check or money order should clearly state the name of the Debtor and the case number, but the Debtor's failure to include his name or case number shall not be considered a default hereunder, provided that the Trustee timely receives each payment,

and provided that the Trustee can determine that the payment is applicable to this case.

12.    As part of the Settlement, the Debtor has agreed that the Trustee may file an Agreed Motion to extend the deadline to Object to Discharge to ensure that the Settlement is approved before such deadline expires.

13. As part of the Settlement, the Debtor represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "***Pleadings***"), is true and correct to the best of his knowledge, (2) the Pleadings contain no intentional misrepresentations or omissions, (3) all information and documentation provided by the Debtor to the Trustee (collectively, the "***Documents***"), are true and correct to the best of his knowledge and (4) the Documents contain no intentional misrepresentations or omissions.  To the extent that the Debtor has failed to disclose any assets, the Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

14. Pursuant to the terms of the Settlement, if the Debtor complies with all the terms of the Stipulation, he will keep all the personal property listed on the Bankruptcy Schedules unless it was his intent to surrender such property.

15. Pursuant to the terms of the Settlement, if the Debtor complies with all the terms of the Stipulation, the Trustee will not seek turnover of or make any claims to the above referenced Property.

16. Pursuant to the terms of the Settlement, if the Debtor complies with all the terms of the Stipulation, the Trustee will not object to the granting of a discharge to the Debtor.

17. If the Debtor complies with all the terms of the Stipulation, the Trustee will not pursue any of the potential preference actions or fraudulent conveyances that may exist in this case,

including the Transfers. Subject the Debtor's compliance with the terms of the Settlement, the Trustee, on behalf of the estate, releases the transferees from all claims which could have been brought to avoid or recover the Transfers.

18. The Stipulation resolves all issues between the Trustee, and Debtor regarding Debtor's over-exempt assets, claimed exemptions and any insiders and third parties for alleged preferential or fraudulent transfers and is a global settlement of all matters between the parties.

19. If the Debtor fails to timely make any of the payments described in paragraph 10, then after ten (10) days written notice e-mailed to the Debtor at benjamin.atkin@gmail.com and the Debtor's counsel at dan@dyglaw.com, the Trustee would be entitled to file a Motion and request a hearing seeking to revoke the Debtor's bankruptcy discharge, the Trustee would be entitled to assert claims to the Property, including claims against transferees of the Property.

20. In the event that the Debtor fails to comply with all the terms of the Stipulation, or should any of the Debtor's representations and warranties contained therein be untrue, then the Trustee may proceed against any and all assets of the Debtor including, but not limited to, the Property the Debtor has claimed as exempt for the remainder of the amount due and owing as set forth in the Settlement.  In addition, the Trustee shall be entitled to interest, which shall accrue at 5% rate, attorneys' fees and costs.  Pursuant to the terms stated in the Settlement, and the provisions of 11 U.S.C. §727(a)(10), the Debtor has agreed to waive any procedural requirements prior to the entry of an order revoking discharge.  However, the Debtor's discharge will not be revoked without a hearing.

*[Remainder of Page Intentionally Left Blank]*

Case No.: 19-17122-LMI

### Legal Standard for Settlement

21. Bankruptcy Rule 9019(a) provides: "On motion . . . and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement."

22. "Approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988) (Cristol, J.) (citing *Rivercity v. Herpel* (*In re Jackson Brewing Co.*), 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen* (*In re Teltronics Servs., Inc.),* 762 F.2d 185, 189 (2d Cir. 1985); *In re Prudence Co.*, 98 F.2d 559 (2d Cir. 1938), cert. denied sub nom. *Stein v. McGrath*, 306 U.S. 636 (1939)).

23. Under the well-established standard for consideration of the merits of a settlement, a settlement should be approved unless it "falls below the 'lowest point in the range of reasonableness.'" *In re Arrow Air*, 85 Bankr. 891 (quoting *Teltronics Servs.*, 762 F.2d 189; *Cosoff v. Rodman* (*In re W.T. Grant Co.*), 699 F.2d 599, 608 (2d Cir.), cert. denied, 464 U.S. 822 (1983)).

24. According to the United States Eleventh Circuit Court of Appeals, when a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:

    (a)    the probability of success in the litigation;

    (b)    the difficulties, if any, to be encountered in the matter of collection;

    (c)    the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

    (d)    the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*See Wallis v. Justice Oaks II, Ltd.* (*In re Justice Oaks II. Ltd.*), 898 F.2d 1544, 1549 (11th Cir. 1990).

## IV.  DISCUSSION OF THE LEGAL STANDARDS FOR APPROVAL OF SETTLEMENTS AS OUTLINED *IN RE Justice Oaks II, Ltd*, 898 F.2d 1522, 1549 (11th Cir.) *cert denied*, 498 U.S. 959 (1990)
### Factor #1 "The probability of success in litigation"

25. The facts related to the various potential fraudulent and preferential claims in this case are disputed. At this juncture the Trustee cannot state that there would be a high probability of success if he were to sue the Debtor's insiders.

26. The Trustee has minimized these litigation risks by proposing a settlement of approximately $18,000.00, which is very close to the amount that would be at issue in the litigation, and is probably more than what the estate would net after taking into account the cost of litigation. The proposed settlement eliminates all the potential risks of litigation.

### Factor #2 "The difficulties, if any, to be encountered in the matter of collection"

27. The Trustee argues that getting $18,000.00 in cleared funds from most Debtors is not a simple task. If the proposed settlement is not approved, the Trustee cannot provide any assurances to the unsecured creditor body that the estate will be able to collect $18,000.00 from the Debtor and the Debtor's insiders in cleared funds as contemplated by the settlement. The proposed settlement moots out any collection difficulties because the Debtor is providing the assurance (by placing his discharge at risk) that the $18,000.00 will be paid to the estate.

### Factor #3 "The complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it"

28. The underlying facts in this case are in dispute. If the settlement is not approved and the estate has to litigate against the Debtor, and the Debtor's insiders, there would be substantial additional expenses, inconvenience and delay necessarily attending it.

29. The Trustee asserts that if this settlement is not approved, the estate would have to prosecute several adversary proceedings against the Debtor's insiders, the majority of the

insiders are based in New York and would require the Trustee to hire a law firm based in New York to handle these adversary proceedings. Therefore, the Trustee submits that the result would be further litigation and the additional expense, inconvenience and delay necessarily attending it. The Trustee argues that it appears that there would be no monetary net gain to the creditors. Because even if the Trustee were to win any potential lawsuits, under the settlement the estate will be getting very close to the amount that is at issue in this matter.

### Factor #4 "The paramount interest of the creditors and proper deference to their reasonable views in the premises"

30. The paramount interest of the creditors and proper deference to their reasonable views in the premises is a factor that must be considered by the Court. However, "[i]t is not the creditors' task to determine the fairness of a proposed settlement; it is the court's obligation to make that determination while making certain not to ignore their legitimate views or concerns." *In re Vazquez*, 325 B.R. 30, 36-37 (Bankr. S.D. Fla. 2005) (citing Connecticut Gen. Life Ins. Co. v. United Cos. Fin. Corp. (*In re Foster Mortgage Corp.*), 68 F.3d 914, 918 (5th Cir.1995))

31. "The chapter 7 trustee is required to reach an informed judgment, after diligent investigation, as to whether it would be prudent to eliminate the inherent risks, delays, and expense of prolonged litigation in an uncertain cause." *In re Vazquez* at 36 citing *LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.*), 212 F.3d 632 (1st Cir.2000).

32. "In fact, it should be remembered that: A chapter 7 trustee is entrusted to marshal an estate's assets and liabilities, and proceed in settling its accounts on whatever grounds he, in his informed discretion, believes will net the maximum return for the creditors (on whose behalf he toils). When augmentation of an asset involves protracted investigation or potentially costly litigation, with no guarantee as to the outcome, the trustee must tread cautiously — and an inquiring court must accord him wide latitude should he conclude that the game is not worth the

candle." *In re Vazquez* at 36 citing *LeBlanc v. Salem (In re Mailman Steam Carpet Cleaning Corp.*), 212 F.3d 632, 635 (1st Cir.2000).

33. The proposed settlement will bring approximately $18,000.00 into the estate. If the settlement is not approved, the unsecured creditors could end up with substantially less of a distribution than they are scheduled to receive if the settlement is approved or with no distribution at all in the event the Trustee is unable to collect on any potential judgement the Trustee obtains (if any) . Therefore, the Trustee argues that the paramount interest of the creditors would be best served if this settlement is approved as requested.

34. The Trustee cannot guarantee a positive outcome from the litigation. If the Trustee embarks in a long campaign of litigation in this case, the creditors may end up with a smaller pool of funds to satisfy their claims. The Trustee, as a fiduciary of the estate, submits that he has given due deference to all the creditors in this case, and in his business judgment the Trustee believes that the settlement is in the best interest of the creditors and the estate.

35. For the Trustee to continue litigation in this case would involve expensive and burdensome discovery, additional motion practice and the filing of several adversary proceedings. Once the substantial administrative costs related to the potentially costly and protracted litigation are taken into account a potential victory may not provide any value in excess of the proposed Settlement.

36. Because, among other things, the Proposed Settlement: (a) avoids the expense and uncertainty of litigation (b) monetizes the Estate's interest in the Property; and (c) avoids the expense and uncertainty of marketing and liquidating the Property, the Trustee believes that the Proposed Settlement meets the standards set forth in *In re Justice Oaks II*, and therefore, recommends approval of the settlement as fair and reasonable, and within the reasonable range

8

of possible litigation outcomes. In addition, the Proposed Settlement minimizes administrative expenses to the Estate, increases the dividend available to creditors, and allows for a distribution of sums and proceeds within a reasonable time.

37. Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as Exhibit 2.

**WHEREFORE**, the Trustee respectfully requests the entry of an Order (a) granting this motion; (b) approving the stipulation to compromise controversy with the Debtor; (c) granting such other and further relief as this Court deems appropriate.

Respectfully submitted this _5ᵗʰ_ day of February, 2020.

ROBERT A. ANGUEIRA, P.A.
16 S.W. 1ˢᵗ Avenue
Miami, Florida 33130
Tel. (305) 263-3328
e-mail yanay@rabankruptcy.com

By _____
YANAY GALBAN, ESQ
Florida Bar No. 0105146

Case No.: 19-17122-LMI

## **CERTIFICATE OF SERVICE**

I CERTIFY that a true and correct copy of the foregoing was served by U.S. mail on this 5th day of February, 2020, to all parties on the enclosed mailing matrix.

I CERTIFY that a true and correct copy of the foregoing was served via the Notice of Electronic Filing on this 5th day of February, 2020, to:

- Robert A Angueira    trustee@rabankruptcy.com, fl79@ecfcbis.com;raa@trustesolutions.net;tassistant@rabankruptcy.com;richard@rabankruptcy.com;lillian@rabankruptcy.com
- Yanay Galban    yanay@rabankruptcy.com, robert@rabankruptcy.com
- Daniel Gielchinsky    dan@dyglaw.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Ariel Rodriguez    ariel.rodriguez@usdoj.gov
- Allison D Thompson    athompson@solomonlaw.com, mkunkel@solomonlaw.com

ROBERT A. ANGUEIRA, P.A.
16 S.W. 1st Avenue
Miami, Florida 33130
Tel. (305) 263-3328
e-mail yanay@rabankruptcy.com

By _____
YANAY GALBAN, ESQ
Florida Bar No. 0105146

Case 19-17122-LMI
Southern District of Florida

Toyota Motor Credit Corporation
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701

Synchrony Bank
PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541-1021

ANTHONY ALVAREZ
10445 LAXTON STREET
Orlando, FL 32824-4433

ANTONIO PERDOMO
10445 LAXTON STREET
Orlando, FL 32824-4433

Abe Soliemani
1652 Park Avenue
Suite LL
New York, NY 10035-4643

Adele Gottlieb
1253 East 26th Street
Brooklyn, NY 11210-4618

Adina Kontorovich
20 W PALISADE AVENUE
Englewood, NJ 07631-2717

Alan Sakowitz
1132 Kane Concourse
Bay Harbor Islands, FL 33154-2013

AllInOne Bounce
2646 Sheila Dr
Apopka, FL 32712-4895

Alyssa Goldberg
1035 NE 176 Street
Miami, FL 33162-1242

American Express
PO Box 278
Ramsey, NJ 07446-0278

Anneta Nadler
420 E 72 Street
New York, NY 10021-4650

Barbara Hollander
7279 San Sebastian Drive
Boca Raton, FL 33433-1020

Bari Roth
1881 West Kennedy Blvd., Suite D
c/o Stanford Solomon, Esq.
Tampa, FL 33606-1611

Bertram
3401 Tremley Point Road
Linden, NJ 07036-3577

Best Buy MC (Citibank)
PO Box 6497
Sioux Falls, SD 57117-6497

Best Value Food Products
6851 NW 32nd Ave
Miami, FL 33147-6656

Bob Kahn
7648 EAGLE POINT DR
Del Ray Beach, FL 33446-3483

Braunschweiger Family
1225 NE 176th Street
Miami, FL 33162-1246

Brian Goldberg
1035 NE 176 Street
Miami, FL 33162-1242

Brooklyn Brands
828 East 144th Street
Bronx, NY 10454-1702

C&W Direct
69-29 172nd Street
Fresh Meadows, NY 11365-3319

Capital One
PO BOx 30281
Salt Lake City, UT 84130-0281

Capital One
PO Box 60599
City Of Industry, CA 91716-0599

Capital One Spark Business
PO Box 6492
Carol Stream, IL 60197-6492

Chaim Winter
1059 Bay 32 Street
Far Rockaway, NY 11691-1848

Charlap
78-26 Parsons Blvd.
c/o Charlex
Fresh Meadows, NY 11366-1930

Chase Auto
Po Box 901003
Credit Bureau Processing
Fort Worth, TX 76101-2003

Chase Freedom Visa
PO Box 15369
Wilmington, DE 19850-5369

Chef Aryeh
1850 NORTHEAST 164TH STREET
2ND FL
Miami, FL 33162-4110

Cheney Brothers
3875 Bengert Street
Orlando, FL 32808-4603

Citi Diamond
PO Box 6217
Sioux Falls, SD 57117-6217

Citibank Preferred
PO Box 6217
Sioux Falls, SD 57117-6217

Citibank Simplicty
PO Box 6217
Sioux Falls, SD 57117-6217

Clifton Co
P.O. box 470033
Miami, FL 33247-0033

Culinary Depot
2 Melnick Drive
Monsey, NY 10952-3368

Daniel Cohen
1389 Merry LN NE
Atlanta, GA 30329-3903

Daniel Gordon
1230 NE 176th Street
Miami, FL 33162-1247

David Schreiber
40 Old Lancaster Rd
Apt 110
Merion Station, PA 19066-1754

David Shabat
561 Piedmont L
Delray Beach, FL 33484-5026

Dennis Ratzker
2425 Crossing Way
Wayne, NJ 07470-4735

Dickenson-Wright
350 East Las Olas Blvd
Fort Lauderdale, FL 33301-4211

Dickinson Wright PLLC
c/o James A. Plemmons
Dickinson Wright PLLC
500 Woodward Avenue, Suite 4000
Detroit, MI 48226-5403

(p)DISCOVER FINANCIAL SERVICES LLC
PO BOX 3025
NEW ALBANY OH 43054-3025

Dog Show Menestrelli Entertainment,LLC
1035 NE 176 Street
c/o Brian Goldberg
Miami, FL 33162-1242

ED Financial
120 N Seven Oaks Drive
Knoxville, TN 37922-2359

EDGAR RUIZ
10445 LAXTON STREET
Orlando, FL 32824-4433

ELIA RIVERA
10445 LAXTON STREE
Orlando, FL 32824-4433

ERICK ROMERO
10445 LAXTON STREET
Orlando, FL 32824-4433

EULER HERMES N.A as Agent for GOLDEN TASTE,
800 Red Brook Blvd, #400C
Owings Mills, MD 21117-5173

East Coast Paper
3500 Hampton Rd
Oceanside, NY 11572-4843

Eli Goldberg
1035 NE 176 Street
Miami, FL 33162-1242

Eli Rayvich
5 Jacaruso Drive
Spring Valley, NY 10977-2527

Elliot Salamon
3003NewHyde Park Rd
Suite 20
New Hyde Park, NY 11042-1206

Englewood Health Physicians
25 Rockwood Place
Suite 40
Englewood, NJ 07631-4960

Englewood Hopsital
330 Engle Street
Englewood, NJ 07631

Evan Bell
28 Redwood Avenue
West Orange, NJ 07052-3647

FAUSTO LUGO
10445 LAXTON STREET
Orlando, FL 32824-4433

FEDERICO PEREZ
10445 LAXTON STREET
Orlando, FL 32824-4433

Five Star Caterers
383 Minnisink Road
Totowa, NJ 07512-1804

FloridaScandi
7802 W Irlo Bronson Memorial Hwy
Kissimmee, FL 34747-1735

FollowTheSun
1489 Ledgemont Ln
Kissimmee, FL 34741

Fred and Sheri Grunsied
51 Madison Avenue, 22nd Floor
c/o Jonathan Feder, Esq- Quinn Emanuel
New York, NY 10010-1603

Fred and Sheri Grunsied
700 Hawthorne Street
West Hempstead, NY 11552-3112

Freshpoint
711 North Orlando Avenue
Suite 201
Maitland, FL 32751-4403

GENERA RODRIGUEZ
10445 LAXTON STREET
Orlando, FL 32824-4433

GIUSEPPE BARRIOS
10445 LAXTON STREET
Orlando, FL 32824-4433

Gerald Ostrov
41 Waterview
Long Branch, NJ 07740-9102

Golden Taste
318 Roosevelt Ave
Spring Valley, NY 10977-5824

HERBERT BERMUDEZ
10445 LAXTON STREET
Orlando, FL 32824-4433

Howard Schulman
989 South End Drive
Woodmere, NY 11598-1022

IPG
8132 W Irlo Bronson Memorial Hwy
Kissimmee, FL 34747-1003

Ilana Heller
240 Jones Road
Englewood, NJ 07631-4410

Izzy Hersh
1371 26th Street
Brooklyn, NY 11210-5240

JEFFREY PERDOMO
10445 LAXTON STREET
Orlando, FL 32824-4433

JP Morgan Chase
383 Madison Avenue
New York, NY 10017-3217

Jacki Manna Ventriloquist
1035 NE 176 Street
c/o Brian Goldberg
Miami, FL 33162-1242

Jacob Elefant
1881 West Kennedy Blvd., Suite D
c/o Stanford Solomon, Esq.
Tampa, FL 33606-1611

Jetblue MC Barclay's Bank
PO Box 8803
Wilmington, DE 19899-8803

Jonathan Katz
233 Country Ridge Road
Scarsdale, NY 10583-6655

Joseph Sanders
13358 Ludlow Avenue
Huntington Woods, MI 48070-1414

Joy In The Sun
5 Seneca Road
Acton, MA 01720-2518

Kardon & Weisberg families
46 Abbey Close
Scarsdale, NY 10583-6852

Kasowitz Benson
1633 Broadway
New York, NY 10019-6708

Kathy & Peter Cai
120 S Walpole Street
Sharon, MA 02067-1603

Kayla Levy
2802 N 46th Ave
Apt B613
Hollywood, FL 33021-8916

Kenny Jerome
686 Jefferson Street
West Hempstead, NY 11552-3518

King Zak
3 Police Hwy
Goshen, NY 10924-6730

Kissimmee Maids
3030 N. ROCKY POINT DR.
STE 150A
Tampa, FL 33607-5803

Kleins Ice Cream
3614 15th Avenue
Brooklyn, NY 11218-4402

Kurtzer Family
19 SOUTHERN WAY
Princeton, NJ 08540-5318

Labcorp
PO Box 2240
Burlington, NC 27216-2240

Larry Ross
609 Bloor Street West
Suite 200
Toronto, Ontario, M6G 1K5

Laurie Groven
832 Oak Harbour
Juno Beach, FL 33408-2170

Laurie Kleinhaus
1030 Links Rd
Woodmere, NY 11598-1349

Levi Osinsky
11 Patriot Drive
Monsey, NY 10952-4424

Lexus Financial Services
PO Box 4102
Carol Stream, IL 60197-4102

Loren and Stewart Daitch
2339 Lindenmere Drive
Merrick, NY 11566-4322

Lynch Oil Company, Inc.
P.O. Box 450669
Kissimmee, FL 34745-0669

MARIA NIEVES
10445 LAXTON STREET
Orlando, FL 32824-4433

MARIA OREJUELA
10445 LAXTON STREET
Orlando, FL 32824-4433

MD Partners of EHMC
ATTN § 14564Y
PO Box1400
Belfast, ME 04915

MELANIE GOMEZ
10445 LAXTON STREET
Orlando, FL 32824-4433

MIGUELINA RODRIGUEZ
10445 LAXTON STREET
Orlando, FL 32824-4433

Magic of John Daniels
1035 NE 176 Street
c/o Brian Goldberg
Miami, FL 33162-1242

Mara Gordon
1230 NE 176th Street
Miami, FL 33162-1247

Marion Berkowitz
463 Summit Ave.
Cedarhurst, NY 11516-1543

Mastercard Sam's Club
PO Box 965005
Orlando, FL 32896-5005

MaxTak Partners
7900 Peters Rd, Building B, Suite 100
c/o Eric Zweibel, Esq.
Fort Lauderdale, FL 33324-4045

Menachem Leitner
76 Regina Road
Monsey, NY 10952-4529

Michael Todfeld
534 Longacre Avenue
Woodmere, NY 11598-2308

Moshe Hoffman
101 North 10th ave
Highland Park, NJ 08904-3631

Muffins & More
342 Ten Eyck St
Brooklyn, NY 11206-1723

Murray Kane
2650 Biscayne Boulevard
c/o Neal Sandberg, Esq.
Miami, FL 33137-4531

OLMINA ORTIZ
10445 LAXTON STREET
Orlando, FL 32824-4433



PLM Trucking
Three Gateway Center
100 Mulberry Street - Suite 1100
Newark, NJ 07102-4056

PODS Enterprises, LLC
5585 Rio Vista Dr
Attn: Holly L. Guzzardo
Clearwater, FL 33760-3114

PODS Enterprises, LLC
PO Box 791003
Baltimore, MD 212791003

Passover Orlando Program, LLC
1360 NE 172 Street
Miami, FL 33162-2737

Pesach Rotenberg
1065 NE 179 TER
Miami, FL 33162-1256

Pharmerica
1900 S. Sunset
Unit 1-A
Longmont, CO 80501-6599

Preferred Pointe LLC
1132 Kane Concourse
c/o Alan Sakowitz, Esq.
Bay Harbor Islands, FL 33154-2013

Prince
8265 NW 70th St
Miami, FL 33166-2743

Progressive Insurance
725 Canton Street
c/o Credit Collection services
Norwood, MA 02062-2679

Quality Frozen Foods
1663 62nd Street
Brooklyn, NY 11204-2796

Ralph Milliken
7951 SW 6th Street, Suite 200
c/o David Hammer, Esq.
Fort Lauderdale, FL 33324-3211

Rawlings Financial Services
PO Box 2020
La Grange, KY 40031-2020

RedAwning
201 Ruby Avenue
Suite A
Kissimmee, FL 34741-5698

Reptile Discovery Programs
1035 NE 176 Street
c/o Brian Goldberg
Miami, FL 33162-1242

Reunion
7531 Osceola Polk Line Rd
Loughman, FL 33896-9112

Reuven Feinberg
21568 San Germain Ave
Boca Raton, FL 33433-1049

Risa Schlager
450 Passaic Ave.
Passaic, NJ 07055-3303

Ryder
14226 Ventura Blvd
c/o Law Office of Kenneth J. Freed
Sherman Oaks, CA 91423-2715

Ryder
1816 W Gore Stree
Orlando, FL 32805-3681

S. Bertram Inc.
Coface North America Insurance Company
650 College Road East, Suite 2005
Princeton, NJ 08540-6779

Saks Fifth Avenue
3455 HWY 80 West
Jackson, MS 39209-7294

Sara Skoczylas
7960 Chula Vista Cresent
Boca Raton, FL 33433-4103

Sara Weinberg
137 Copley Ave
Teaneck, NJ 07666-4163

Shelly Dorf
7 Dogwood Lane
Lawrence, NY 11559-1820

Shifra Braunschweiger
1225 NE 176th ST
Miami, FL 33162-1246

Shimon Cohen
1225 NE 176th ST
Miami, FL 33162-1246

Sky Insurance
370 Lexington Avenue
Suite 800
New York, NY 10017-6510

Springfield Foods
483 Brooklyn Avenue
Brooklyn, NY 11225-4402

Sunbelt Rentals
1272 Jetport Drive
Orlando, FL 32809-7826

Susan Goldberg
70 King Street
Hillside, NJ 07205-3024

Sweet Home
828 Sherbourne Cirle
Lake Mary, FL 32746-5214

Tamar Katz
301 Walton St
Englewood, NJ 07631-5016

Tamar Lasson
6210 Benhurst Road
Baltimore, MD 21209-3807

Taylor Rentals
1605 N Main Street
Kissimmee, FL 34744-3304

Ted Mermel
1641 3rd Ave.
Apt. 7A
New York, NY 10128-3698

Thompson Gas
898 W. Landstreet Rd.
Orlando, FL 32824-8023

TopVilla
205 Town Center Boulevard
Loughman, FL 33896-5226

Troy Edelstein
5056 Lantana Rd
Apt 4204
Lake Worth, FL 33463-6869

Tzvi Anton
1365 NE 171 Street
Miami, FL 33162-2732

U-Haul
4096 S. Military Trail
Lake Worth, FL 33463-4616

Victoria James
11027 Hunters View Rd
Ellicott City, MD 21042-6100

Wayne Goldberg
70 King Street
Hillside, NJ 07205-3024

Westside Foods
355 Food Center Drive
E Bldg
Bronx, NY 10474-7580

Westside Management
2100 Tripoli CT
Kissimmee, FL 34747-1256

Wilks Family
101 North 10th Ave
Highland Park, NJ 08904-3631

Yochanan Abitbol
48 Winesap Lane
Monsey, NY 10952-1644

ZAIRA RIVERA
10445 LAXTON STREET
Orlando, FL 32824-4433

Bari Roth
c\o Allison D Thompson
1881 W Kennedy Blvd Suite D
Tampa, FL 33606-1611

Benjamin Atkin
1835 NE Miami Gardens Dr. # 296
Miami, FL 33179-5035



UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI, DIVISION

In re:                                            :                    CASE NO.: 19-17122-LMI
                                                  :
BENJAMIN ATKIN,                                   :                    CHAPTER 7
                                                  :
        Debtor.                                   :
_____/

### STIPULATION TO COMPROMISE CONTROVERSY REGARDING VALUATION AND REPURCHASE OF DEBTOR'S NON-EXEMPT ASSETS

This Stipulation is entered into between Robert A. Angueira (the "***Trustee***"), and Benjamin Atkin (the "***Debtor***"), on this 3rd day of February, 2020.

WHEREAS, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on May 30, 2019 (the "***Petition Date***");

WHEREAS, Robert A. Angueira is the duly appointed Chapter 7 Trustee;

WHEREAS, the §341 Meeting of Creditors was held and concluded on May 30, 2019 (the "***§341 Meeting of Creditors***");

WHEREAS, a Rule 2004 Examination of the Debtor was held on September 17, 2019 (the "***Rule 2004 Examination***");

WHEREAS, at the Rule 2004 Examination, the Trustee discovered that the Debtor may have not fully explained certain pre-petition transfers by the Debtor and by business entities owned and/or controlled by the Debtor (the "Transfers") and uses of assets, and the Trustee asserted the Estate's interest in these transferred funds (the "***Transferred Funds***");

WHEREAS, the Transferred Funds and any other assets in which the Estate may arguably have an interest shall be referred to as the "***Property***;"

WHEREAS, based on the testimony during the §341 Meeting of Creditors, the testimony



Case No.: 19-17122-LMI

during the Rule 2004 Examination, a review of the documents provided to the Trustee and other relevant information, the Trustee asserts that the estate may have causes of action against third parties relating to the Transferred Funds;

WHEREAS, the Debtor denies and/or disputes the allegations asserted above and otherwise raised by the Trustee;

WHEREAS, no creditors in this case have objected to the Debtor's claims of exemptions or to the Debtor's discharge;

WHEREAS, in an effort to avoid the high cost and uncertainties of litigation, the parties desire to settle all the matters in this case; and

WHEREAS, the parties desire to set forth herein the terms and conditions of their settlement;

NOW, THEREFORE, in consideration of the mutual promises of the parties contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the parties, the parties agree to the following:

1.    The Debtor will pay the Trustee the total sum of $18,000.00 (the "*Settlement Amount*") to be paid in 18 equal monthly payments of $1,000.00 to be made on the 5th day of each month starting on February 5, 2020 and ending on July 5, 2021. In the event that the 5th day of the month falls on a weekend, bank holiday or Jewish holiday, the deadline shall be extended to the next business day that is not a bank holiday or a Jewish holiday. The Debtor is permitted to prepay the Settlement Amount.

2.    The payments will be by cashier's check or money orders made payable to the order of Robert A. Angueira, Trustee and mailed to the Trustee's office at: 16 SW 1st Avenue, Miami, FL 33130. Each cashier's check or money order should clearly state the name of the Debtor and

2

the case number, but the Debtor's failure to include his name or case number shall not be considered a default hereunder, provided that the Trustee timely receives each payment, and provided that the Trustee can determine that the payment is applicable to this case.

3.      As part of this Settlement, the Debtor agrees that the Trustee may file an Agreed Motion to extend the deadline to Object to Discharge to ensure that this Settlement is approved before such deadline expires.

4.      As part of this Settlement, the Debtor represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "*Pleadings*"), is true and correct to the best of his knowledge, (2) the Pleadings contain no intentional misrepresentations or omissions, (3) all information and documentation provided by the Debtor to the Trustee (collectively, the "*Documents*"), are true and correct to the best of his knowledge and (4) the Documents contain no intentional misrepresentations or omissions.  To the extent that the Debtor has failed to disclose any assets, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

5.      If the Debtor complies with all the terms of this Stipulation, he will keep all the personal property listed on the Bankruptcy Schedules unless it was his intent to surrender such property.

6.      If the Debtor complies with all the terms of this Stipulation, the Trustee will not seek turnover of or make any claims to the above referenced Property.

7.      If the Debtor complies with all the terms of this Stipulation, the Trustee will not object to the granting of a discharge to the Debtor.

8.      If the Debtor complies with all the terms of this Stipulation, the Trustee will not

3

pursue any of the potential preference actions or fraudulent conveyances that may exist in this case, including the Transfers. Subject the Debtor's compliance with the terms of this Settlement, the Trustee, on behalf of the estate, releases the transferees from all claims which could have been brought to avoid or recover the Transfers.

9.     This Stipulation resolves all issues between the Trustee, and Debtor regarding Debtor's over-exempt assets, claimed exemptions and any insiders and third parties for alleged preferential or fraudulent transfers and is a global settlement of all matters between the parties.

10.     If the Debtor fails to timely make any of the payments described in paragraph 1, then after ten (10) days written notice e-mailed to the Debtor at benjamin.atkin@gmail.com and the Debtor's counsel at dan@dyglaw.com, the Trustee would be entitled to file a Motion and request a hearing seeking to revoke the Debtor's bankruptcy discharge, the Trustee would be entitled to assert claims to the Property, including claims against transferees of the Property.

11.     In the event that the Debtor fails to comply with all the terms of this Stipulation, or should any of the Debtor's representations and warranties contained herein be untrue, then the Trustee may proceed against any and all assets of the Debtor including, but not limited to, the Property the Debtor has claimed as exempt for the remainder of the amount due and owing as set forth herein. In addition, the Trustee shall be entitled to interest, which shall accrue at 5% rate, attorneys' fees and costs. Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(10), the Debtor agrees to waive any procedural requirements prior to the entry of an order revoking discharge. However, the Debtor's discharge will not be revoked without a hearing.

12.     This Stipulation represents the entire understanding and agreement between the parties hereto with respect to the subject matter hereof and cannot be amended, supplemented or modified except by an instrument in writing signed by the party or parties against whom

4

enforcement of any amendment, supplement or modification is sought. A waiver by a party of any breach of any provision of this stipulation shall not be construed to be a waiver by any such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

13. The Trustee has accepted this settlement subject to this Court's approval. In the event that the Court does not approve this settlement, then any payments made by the Debtor to the Trustee hereunder shall be promptly returned to the Debtor.

14. All parties are represented by counsel or have the opportunity to be represented by counsel and all parties have had an opportunity to seek advice from counsel prior to executing this stipulation.

15. This agreement represents the full and complete understanding of the parties.

16. The Trustee believes that this agreement is in the best interest of the estate.

17. This agreement may be signed in counterparts.

18. The Bankruptcy Court will retain jurisdiction to enforce the terms of this settlement.

_____   2/3/20
BENJAMIN ATKIN                     DATE
DEBTOR

_____   2/5/20
ROBERT A. ANGUEIRA                 DATE
TRUSTEE

5

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

In re:                                    :              CASE NO.: 19-17122-LMI
                                          :
BENJAMIN ATKIN,                           :              CHAPTER 7
                                          :
        Debtor.                           :
_____/

### ORDER GRANTING TRUSTEE'S MOTION TO APPROVE STIPULATION TO COMPROMISE CONTROVERSY

THIS MATTER came to the Court on the Chapter 7 Trustee's Motion to Approve Stipulation to Compromise Controversy [D.E. #___] (the "***Motion***"). The Motion has been served on all interested parties and creditors, pursuant to the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court (on Negative Notice). By submitting this form of order, and the Trustee having represented that the Motion was served on all parties required by Local Rule 9013-1(D), that the 21-day response time provided by that rule has expired, that no one has filed, or served on the movant, a response to the Motion, and that the form of order was attached as an exhibit to the Motion, and the Court, having reviewed the file, the Motion and record herein, good



cause having been shown, and being otherwise duly advised in the premises, does hereby

**ORDERED AND ADJUDGED** that:

1.     The Motion is **GRANTED** and the Settlement is **APPROVED** on the terms and conditions set forth in the Motion and the Stipulation to Compromise Controversy attached as Exhibit "1" to the Motion (the "*Stipulation*" or "*Settlement*").

2.     The Debtor will pay the Trustee the total sum of $18,000.00 (the "*Settlement Amount*") to be paid in 18 equal monthly payments of $1,000.00 to be made on the 5th day of each month starting on February 5, 2020 and ending on July 5, 2021. In the event that the 5th day of the month falls on a weekend, bank holiday or Jewish holiday, the deadline shall be extended to the next business day that is not a bank holiday or a Jewish holiday. The Debtor is permitted to prepay the Settlement Amount.

3.     The payments will be by cashier's check or money orders made payable to the order of Robert A. Angueira, Trustee and mailed to the Trustee's office at: 16 SW 1st Avenue, Miami, FL 33130.  Each cashier's check or money order should clearly state the name of the Debtor and the case number, but the Debtor's failure to include his name or case number shall not be considered a default hereunder, provided that the Trustee timely receives each payment, and provided that the Trustee can determine that the payment is applicable to this case.

4.     As part of the Settlement, the Debtor has agreed that the Trustee may file an Agreed Motion to extend the deadline to Object to Discharge to ensure that the Settlement is approved before such deadline expires.

5.     As part of the Settlement, the Debtor represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "*Pleadings*"), is true and correct to the best of his

knowledge, (2) the Pleadings contain no intentional misrepresentations or omissions, (3) all information and documentation provided by the Debtor to the Trustee (collectively, the "**Documents**"), are true and correct to the best of his knowledge and (4) the Documents contain no intentional misrepresentations or omissions. To the extent that the Debtor has failed to disclose any assets, the Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

6.      Pursuant to the terms of the Settlement, if the Debtor complies with all the terms of the Stipulation, he will keep all the personal property listed on the Bankruptcy Schedules unless it was his intent to surrender such property.

7.      Pursuant to the terms of the Settlement, if the Debtor complies with all the terms of the Stipulation, the Trustee will not seek turnover of or make any claims to the above referenced Property.

8.      Pursuant to the terms of the Settlement, if the Debtor complies with all the terms of the Stipulation, the Trustee will not object to the granting of a discharge to the Debtor.

9.      If the Debtor complies with all the terms of the Stipulation, the Trustee will not pursue any of the potential preference actions or fraudulent conveyances that may exist in this case, including the Transfers. Subject the Debtor's compliance with the terms of the Settlement, the Trustee, on behalf of the estate, releases the transferees from all claims which could have been brought to avoid or recover the Transfers.

10.      The Stipulation resolves all issues between the Trustee, and Debtor regarding Debtor's over-exempt assets, claimed exemptions and any insiders and third parties for alleged preferential or fraudulent transfers and is a global settlement of all matters between the parties.

11.      If the Debtor fails to timely make any of the payments described in paragraph 2,

3

then after ten (10) days written notice e-mailed to the Debtor at benjamin.atkin@gmail.com and the Debtor's counsel at dan@dyglaw.com, the Trustee would be entitled to file a Motion and request a hearing seeking to revoke the Debtor's bankruptcy discharge, the Trustee would be entitled to assert claims to the Property, including claims against transferees of the Property.

12.     In the event that the Debtor fails to comply with all the terms of the Stipulation, or should any of the Debtor's representations and warranties contained therein be untrue, then the Trustee may proceed against any and all assets of the Debtor including, but not limited to, the Property the Debtor has claimed as exempt for the remainder of the amount due and owing as set forth in the Settlement.  In addition, the Trustee shall be entitled to interest, which shall accrue at 5% rate, attorneys' fees and costs.  Pursuant to the terms stated in the Settlement, and the provisions of 11 U.S.C. §727(a)(10), the Debtor has agreed to waive any procedural requirements prior to the entry of an order revoking discharge.  However, the Debtor's discharge will not be revoked without a hearing.

13.     The settlement proceeds of $18,000.00 are allocated to pre-petition transfers.

14.     The Court retains jurisdiction to enforce the terms of the Settlement.

### 

Submitted by

ROBERT A. ANGUEIRA, P.A.
16 S.W. 1st Avenue
Miami, FL 33130
Tel. 305-263-3328
e-mail: yanay@rabankruptcy.com

Copies furnished to:
Yanay Galban, Esq.

*(Attorney Yanay Galban is directed to serve copies of this Order upon the Debtor, the Trustee, the Attorney for the Debtor, the U.S. Trustee, and all parties who have entered an appearance in this case, upon receipt thereof, and to file a Certificate of Service with the Court confirming such service.)*

4